CASE 12—ACTION BY HENRIETTA DAVIS' ADMR. AGAINST CHESAPEAKE
& OHIO RY. CO. AND OTHERS TO RECOVER DAMAGES FOR THE DEATH
OF PLAINTIFF'S INTESTATE.—JUNE 17.

# Davis' Admr. v. Chesapeake & O. Ry. Co.

APPEAL FROM LEWIS CIRCUIT COURT.

FROM A JUDGMENT REMOVING THE ACTION TO THE FEDERAL COURT
PLAINTIFF APPEALS.   AFFIRMED.

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—FOREIGN COR-
PORATIONS—COMPLIANCE WITH STATE LAW—EFFECT—
JOINDER OF DOMESTIC CORPORATION—JOINDER OF RESIDENT SER-
VANTS—SUFFICIENCY OF PETITION—RAILROADS—CROSSING INJU-
RIES—PRIVATE CROSSINGS—TRESPASSERS—PLEADINGS—CONSTRUC-
TION.

Held:   1. A compliance by a foreign railroad corporation with
Constitution, section 211, and Kentucky Statutes (1899), sec-
tion 841, the former providing that such corporations shall not
be entitled to the right of eminent domain, or have power to
acquire a right of way or real estate, until they shall have be-
come bodies corporate in accordance with the laws of the Com-
monwealth, and the latter prescribing the manner of such in-
corporation, does not render the corporation a citizen of the
State in such sense as to deprive it of the right to remove to the
Federal court actions instituted against it by a citizen of the
State.

2. In an action against a foreign railroad corporation, an amended
petition, tendered after the filing by defendant of a petition
for removal of the cause to the Federal court, making a do-
mestic corporation, original defendant's lessor, a party, came too
late to prevent the removal.

3. An allegation in a petition that plaintiff's intestate was killed "at
or near" a private crossing should be construed to mean that
she was killed at a place on the track other than the crossing.

4. A failure to slacken the speed of a train, or to give signals at
an approach to private crossings, is not negligence.

5. In an action against a railroad for injuries at a private crossing,
near a public crossing, where there was no averment that signals
usually given on the approach of trains to the public crossing
could have been heard at the private crossing, and the distance

between the crossings was not given, but a bare statement that they were "near" together, the question of defendant's negligence in failing to give signals at the public crossing, on which plaintiff could rely, was not raised.

6. Those in charge of a train owe a trespasser on the tracks of the railroad no duty, except to use reasonable care to save him after discovering his peril, and, if injured, he can not rely for a recovery against the railroad on alleged negligence in failing to give signals on approach to either a private or public crossing.

7. In order to prevent a removal of an action for injuries against a foreign railroad company to the Federal court, by joining as defendants resident servants of the railroad in charge of the train causing the injury, the petition must state a good cause of action against the servants so joined.

A. E. COLE & SON, FOR APPELLANT.

## POINTS AND AUTHORITIES RELIED ON.

1. By objecting on two separate occasions to the amended petition, to-wit: On January 24th and 27th, and causing the court to pass upon the merits thereof, even though erroneously, the appellee, C. & O. Ry. Co., made a general appearance in the action as did the other defendants, and thereby waived any alleged right to have this case transferred to the Federal court. Ency. of Pl. & Pr., vol. 8, p. 156, also 632; Patrick v. Swinney, 5 Bush, 421; Maxwell v. Kirkpatrick, 29 Kan., 679; Stevens v. Harris, 99 Mich., 230; 52 Mich., 524; 59 Mich., 214; Herd v. Cist, 20 S. W., 1035 (Ky.); Duncan v. Wickliffe, 4 Met., 118; Virginia, &c., Steam Nav. Co. v. U. S. Ganey, U. S., 418; School Dist. v. Griner, 8 Kan., 224; McCabe's Admx. v. Maysville & Big Sandy Ry. Co., 23 R., 2328.

2. The petition and amended petition clearly show that plaintiff sued and intended to sue the conductor, engineer and fireman of the train who were the parties which inflicted the injuries complained of, on his intestate, and the failure, if there was any, to designate them by the proper name, was a mere misnomer, not reaching the merits of the case and not presenting a jurisdictional question, of which the parties themselves, but not the C. & O. Ry. Co. might have taken advantage of in a proper way. Civil Code, sec. 134; L. & N. R. R. Co. v. Hall, 12 Bush, 131; Heckman v. L. & N. R. R. Co., 85 Ky., 631; Smelt v. Knapp, 16 Neb., 54; Knoski v. Mo. Pac. R. Co., 77 Mo., 370; Whitcomb v. Hooper, 81 Fed. Rep., 948; vol. 14 Ency. of Pl. & Pr., p. 301; Kenyon v. Semon, 43 Minn., 180; Hoffman v. Dickerson, 31 W. Va., 142; Empire State Sav. Bank v. Beard, 81

Hun, N. Y., 184; Winston's Admr. v. I. C. R. Co., 65 S. W., 7; C. & O. Ry. Co. v. Dixon's Admr., 179 U. S., 131.

3. The Chesapeake & Ohio Railway Company is in the fullest sense a domestic corporation. N. N. & M. V. Co. v. McDonald Brick Co.'s Assignee, 59 S. W., 334; Constitution of Ky., sec. 211; Com. v. M. & O. R. Co., 23 R., 788; Ark. Laws 1889, p. 43; St. L. & S. F. R. Co. v. James, 161 U. S. Rep., 565; Orient Ins. Co. v. Daggs, 172 U. S., 557; Hooper v. California, 155 U. S., 648; Stout v. R. R. Co., 8 Fed. Rep., 794; Louisville Trust Co. v. Louisville, &c., R. Co., 75 Fed. Rep., 433; 13 Am. & Eng. Ency. of Law (2d ed.), p. 84; Tullis v. Lake Erie, &c., R. Co., 175 U. S., 348; Ency. Pl. & Pr., vol. 22, p. 327 and cases cited.

4. Moreover, the appellee, besides entering its appearance in the lower court, has entered its appearance to the action in this court. Cleveland, C. & C. R. Co. v. Mara, 26 Ohio St., 165; Pond v. Vermont Valley R. Co., 12 Blatchf U. S., 280.

5. Appellant's intestate being on her own land, at or near a private crossing, was not a trespasser and appellee owed her the duty to keep a lookout for her at or near said crossing. L. & N. R. Co. v. Bodine's Admr., 59 S. W., 740; Gulf R. Co. v. Rowland, 70 Tex., 298; Am. & Eng. R. R. Cases, p. 287 (vol. 35); Brigham v. Smith, 4 Gray, 297.

6. The pleadings in this case show that there has been, in effect, a consolidation of the Virginia, West Virginia and Kentucky corporations, and when a consolidated company is formed by the union of several corporations chartered by different States it is a citizen of each of the States which granted the charter to one of its constituent companies, and when sued in one of these States it can not claim the right of removal on the ground that it is also a citizen of another State.

For the purpose of jurisdiction in the Federal courts, and securing to the States the exercise of their just powers over corporations of their own creation, and over property within their jurisdiction, the consolidated company is conclusively presumed to be a citizen of each of the States whose laws and corporations contributed to its formation. It enjoys in each State all the powers and privileges the corporation there chartered had, and must answer in the courts and is amenable to the laws of each State respectively as a corporation of that State. Chicago & N. W. R. Co. v. Whitton, 13 Wall (U. S.), 270; Muller v. Dows, 94 U. S., 444; Farnum v. Blackstone Canal Co., 1 Sumn (U. S.), 46; St. Louis, A. & T. H. Co. v. Indianapolis & St. L. R. Co., 9 Bliss (U. S.), 144; same case under title of Pennsylvania R. Co. v. St. Louis, A. & T. R. Co., 118 U. S., 290, 24 Am. & Eng. R. Cas., 58; Racine & M. R. Co. v. Farmers'

L. & T. Co., 49 Ill., 331; Quincy R. Co. v. Adams Co., 88 Ill., 615; Chicago & N. W. R. Co. v. Auditor General, 53 Mich., 91; Horne v. Boston & M. R. Co., 62 N. H., 454; Paul v. Baltimore, &c., R. Co., 44 Fed. Rep., 513; Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S., 356, 382, 42 Am. & Eng. R. Cas., 688; Pacific R. Co. v. Missouri Pac. R. Co., 23 Fed. Rep., 565; 20 Am. & Eng. R. Cas., 590; Guinault v. Louisville & N. R. Co. 41 La. Ann., 571, 40 Am. & Eng. R. Cas., 340; Central Trust Co. v. St. Louis A. & T. R. Co., 41 Fed. Rep., 551, 42 Am. & Eng. R. Cas., 26.

E. L. WORTHINGTON AND W. H. WADSWORTH, FOR APPELLEE, C. & O. Ry. Co.

### POINTS AND AUTHORITIES.

1. When a proper petition for removal and bond is presented to the State court it is its duty to order the removal, and it has no power to permit an amendment to plaintiff's petition to be filed thereafter. 2 Foster's Federal Practice, sec. 385c; Moon on Removal of Causes, sec. 178.

2. The fact that a defendant enters his appearance in the State court by demurrer or motion does not take away his right to remove the cause to the Federal court, provided he files a proper petition for removal and bond on or before the day he is required to make defense to the action. Moon on Removal of Causes, sec. 153; 2 Foster's Federal Practice, sec. 385d; Act of Congress of 1887-8, sec. 1.

3. A railroad company is not under any duty to slacken the speed of its trains, or to give signals at private crossings. Johnson v. L. & N. R. Co., 91 Ky., 651; L. & N. R. Co. v. Survant, 96 Ky., 197; Cahill v. Cincinnati R. Co., 92 Ky., 345; L. & N. R. Co. v. Survant, 19 Ky. Law Rep., 1576; Shackleford v. L. & N. R. Co., 84 Ky., 45.

4. The allegations of a petition for removal on account of fraudulent joinder of sham defendants for the purpose of preventing a removal, must be accepted as true in the State court. Issue can be made on the truth of those allegations only in the Federal court. Durkee v. Illinois Central R. Co., 81 Fed. Rep., 1; McCormick v. Illinois Cent. R. Co., 100 Fed. Rep., 250; 2 Foster's Federal Practice, sec. 385c; Moon on Removal of Causes, secs. 131, 177 and 201.

5. If a plaintiff has no cause of action against parties made defendants for the purpose of preventing a removal and had no good reason to believe that he had any cause of action against them, then it is a fraudulent joinder such as will not affect the real defendant's right to a removal. Moon on Removal of

Causes, sec. 131; Hukill v. Maysville, &c., R. Co., 72 Fed. Rep., 745.

6. A compliance by a foreign corporation with the require-ments of section 841, Kentucky Statutes, does not make it a Kentucky corporation in the sense of the Federal Constitution and acts of Congress conferring jurisdiction on the courts of the United States by reason of diverse citizenship. Taylor's Admr. v. Ill. Cent. R. Co., 89 Fed. Rep., 119; St. Louis, &c., R. Co. v. James, 161 U. S., 545; Louisville R. Co. v. Louisville Trust Co., 174 U. S., 552.

E. L. WORTHINGTON AND W. H. WADSWORTH, FOR APPELLEE ON PETITION FOR REHEARING.

### POINTS AND AUTHORITIES.

1. A corporation, considered as a legal entity, is not a citizen of a State within the meaning of article 3, section 2, of the Con-stitution of the United States. Bank v. Deveaux, 5 Cranch, 86; Covington Drawbridge Company v. Shepherd, 20 How., 227; Muller v. Dows, 94 U. S., 444.

2. The statement that a corporation is a legal entity distinct from its stockholders is a mere fiction. A corporation is really and actually composed of individuals who are citizens. 1 Mora-wetz on Corporations, secs. 1 and 227; Taylor on Private Cor-porations, sec. 51; Clark and Marshall on Corporations, pp. 2, 17 and 18; State v. Standard Oil Co., 49 Ohio St., 137; People v. North River Sugar Refining Co., 121 N. Y., 582; Pembino Mining Co. v. Pennsylvania, 125 U. S., 181; U. S. v. Trinidad Coal Co., 137 U. S., 161; Baltimore, &c., R. Co. v. Fifth Baptist Church, 108 U. S., 330; Kansas Pac. R. Co. v. Atchison, &c., R. Co., 112 U. S., 414.

3. In order to give the Federal courts jurisdiction of actions by or against a corporation it was held, at first, that it was nec-essary to aver that all the stockholders of the corporation were citizens of a State different from the opposite party to the suit. Bank v. Deveaux, 5 Cranch, 86; Bank v. Slocumb, 14 Peters, 60.

4. Subsequently the Supreme Court held that in a suit by or against a corporation there was a conclusive presumption that the stockholders of the corporation were all citizens of the State creating the corporation. Louisville R. Co. v. Letson, 2 How., 497; Marshall v. Baltimore & Ohio R. Co., 16 How., 327.

5. When one State incorporates a corporation of another State, there is no presumption that the stockholders of this new corporation thus created are citizens of the State creating it, but the presumption remains that they are citizens of the State *first* creating the corporation. St. Louis Ry. Co. v. James, 161

U. S., 545; Louisville R. Co. v. Louisville Trust Co., 174 U. S., 552; Walters v. Chicago R. Co., 186 U. S., 479; Calvert v. Southern Ry. Co., decided by U. S. Supreme Court Nov. 3, 1902; Louisville Trust Co. v. Louisville R. Co., 75 Fed. Rep., 433; Walters v. Chicago R. Co., 104 Fed. Rep., 377; Calvert v. Southern Ry. Co., 64 S. C., 143; 41 S. E. Rep., 963.

6. Section 841, Kentucky Statutes, does not create a new corporation, but simply domesticates a foreign corporation already created.

ON REHEARING—REHEARING GRANTED AND FORMER OPINION WITHDRAWN. OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

This is an action to recover damages for the loss of the life of the intestate by the alleged negligence of the Chesapeake & Ohio Railway Company. It presented its petition and asked for the removal of the case to the federal court, and the motion was sustained. Owing to our duplex system of government, perplexing and delicate questions as to the respective jurisdiction of the federal and State courts arise; and the judiciary should meet and dispose of them with fairness and in the orderly manner which should characterize the proceedings of courts of justice. It will not be our purpose to discuss the questions considered by the Supreme Court of the United States, but to state its conclusions and follow them, as that court has jurisdiction to adjudicate the questions involved.

Section 1, art. 3, of the Constitution of the United States provides that "the judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as the Congress may from time to time ordain and establish." Section 2 of the same article provides that, "the judicial power shall extend to all cases in law and equity, arising under this Constitution, . . . to controversies . . . between citizens of different States." When a case decided by a supreme court of a State involves the question of diverse citizenship the Supreme Court of the United

States has held in many cases that it will review the judg-
ments of those courts on the question. That court having
adjudged the precise question here involved, and adversely
to the view of this court, expressed in the former opinion
delivered herein, we feel that the petition for a rehearing
should be granted, and the opinion withdrawn, which is
done.

he appellant is a citizen of Kentucky. It is substantial-
ly averred in the petition that the Chesapeake & Ohio Rail-
way Company is a corporation organized under the laws of
Virginia, and became a corporation, citizen, and resident of
this State by filing in the office of the Secretary of State
and in the office of the Railroad Commission, pursuant to
section 211 of the Constitution and section 841 of Ken-
tucky Statutes of 1899 copies of its articles of incorpora-
tion. The Chesapeake & Ohio Railway Company is a Vir-
ginia corporation. It complied with section 841 Ky. St.
1899, which reads as follows: "No company, asso-
ciation or corporation created by, or organized un-
der, the laws or authority of any State or coun-
try other than this State, shall possess, control,
maintain or operate any railway, or part thereof, in
this State until, by incorporation under the laws of this
State the same shall have become a corporation, citizen and
resident of this State. Any such company, association or
corporation may, for the purpose of possessing, controlling,
maintaining or operating a railway or part thereof in this
State, become a corporation, citizen and resident of this
State by being incorporated in the manner following, name-
ly: By filing in the office of the Secretary of State, and in
the office of the Railroad Commission, a copy of the charter
or articles of incorporation of such company, association
or corporation, authenticated by its seal and by the attesta-

tion of its president and secretary, and thereupon, and by virtue thereof, such company, association or corporation shall at once become and be a corporation, citizen and res-ident of this State.  The Secretary of State shall issue to such corporation a certificate of such incorporation," This section of the statute was based upon section 211 of the Constitution of the State, which reads as follows:  "No railroad corporation organized under the laws of any other State, or of the United States, and doing business, or proposing to do business, in this State, shall be entitled to the benefit of the right of eminent domain or have power to acquire the right of way or real estate for depot or other uses, until it shall have become a body corporate pursuant to and in accordance with the laws of this Commonwealth." When the Chesapeake & Ohio Railway Company complied with the terms of this section of the statute, it at once became "a corporation, citizen and resident of this State," for it is therein so provided.

But the question then arises whether it remained a citizen of the State where it was organized in the meaning of section 2, art. 3, of the Constitution of the United States. In Bank v. Deveaux, 5 Cranch, 86, 3 L. Ed., 38, Chief Justice Marshall said: "That invisible, intangible, and artificial being, that mere legal entity, a corporation aggregate, is certainly not a citizen, and consequently can not sue or be sued in the courts of the United States, unless the rights of members in this respect can be exercised in their corporate capacity."  In Covington Drawbridge Co. v. Shepherd, 20 How., 227, 15 L. Ed., 896, it was said: "No one, we presume, ever supposed that the artificial being, created by an act of incorporation, could be a citizen of a State in the sense in which that word is used in the Constitution of the United States."  In Muller v. Dows, 94

U. S., 444, 24 L. Ed., 207, the court said: "A corporation itself can be a citizen of no State, in the sense in which the word 'citizen' is used in the Constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such a case it is regarded as a suit brought by or against the stockholders of the corporation; and for the pupose of jurisdiction it is conclusively presumed that all the stockholders are citizens of the State which by its laws created the corporation." At first the Supreme Court held that, in order to give federal courts jurisdiction of an action by or against corporations, it was necessary to aver citizenship of the incorporators. Subsequently it held that the individuals composing a corporation were conclusively presumed to be citizens of the State creating the corporation.

There is no averment in the petition that the individuals composing the Chesapeake & Ohio Railway Company were associated together for the purpose of organizing a corporation of the same name in this State. The corporation which they organized in another State is, by an act of the General Assembly, declared to be a citizen and corporation of Kentucky, by reason of its compliance with certain constitutional and statutory regulations. In St. Louis R. Co. v. James, 161 U. S., 545, 16 Sup. Ct., 621, 40 L. Ed., 802, it appeared that the St. Louis Railroad Company had been incorporated by the State of Missouri, and had subsequently filed its articles of incorporation with the Secretary of State of the State of Arkansas, under a statute like the one under consideration. A citizen of Missouri sued it in Arkansas, alleging it was a citizen of Arkansas. The court held that it was not a citizen of Arkansas, and was entitled to have its case removed to the federal court. The precise question involved in this case was decided in

Walters v. Chicago R. Co., 186 U. S., 479, 22 Sup. Ct., 941, 47 L. Ed., —, the court holding that the case should be removed to the federal court; and as authority for the decision cited St. Louis R. Co. v. James, and Louisville R. Co. v. Louisville Trust Co., 174 U. S., 552, 19 Sup. Ct., 817, 43 L. Ed., 1081. On November 3, 1902, the same court, in Calvert, Administrator, v. Southern Railway Co., 23 Sup. Ct., —, 47 L. Ed., —, decided the same question here involved and in the Walters case, and ruled the same way it did in the latter case. Southern Railway Company v. Allison, 23 Sup. Ct., 713, 47 L. Ed., —, decided May 18, 1903, by the Supreme Court, involved precisely the same question we have under consideration. The Southern Railway Company, a Virginia corporation, accepted the provisions of the statute of North Carolina, which is similar to our statute. The question was whether it was by virtue thereof a citizen of North Carolina, and thereby lost its citizenship of Virginia, in the meaning of the federal Constitution; and the court held that it had not, and that it was entitled to have the action removed to the federal court. In that case the court reviewed the cases to which attention has been called, and held them to be authority for its conclusion. The court also said it had "read with respectful consideration" the case of Debnam v. Southern Bell Telephone Co., 126 N. C., 831, 36 S. E., 269, in which the Supreme Court of that State reached the same conclusion that this court reached in the opinion which has been withdrawn, but it said it could not concur therewith. The Debnam case was cited in the withdrawn opinion as authority therefor.

After the petition for removal had been filed, the appellant tendered an amended petition, making the Maysville & Big Sandy Railroad Company, a domestic corporation and appellee's lessor, a defendant. It came too late to prevent

a removal of the case. Therefore it was not within the rule of the McCabe case (112 Ky., 861, 23 R., 2328), 66 S. W., 1054, and Person v. Illinois Central Railroad Co. (C. C.), 118 Fed., 342.

Before the petition for removal was filed, the plaintiff filed an amended petition, making Bracken, Lewis, and Inskip defendants, who were the conductor, engineer and fireman, respectively, and who are alleged to have been in charge of the train when the accident happened. A recovery is sought against them, as well as the Chesapeake & Ohio Railway Company.

It is alleged that the intestate was run over and killed "at or near" a private crossing over the railroad track between her house and garden; that it was "not far" from public crossings to the east and west of her. The alleged negligent acts are that the train ran over the crossing at the rate of 50 miles per hour, which was a dangerous speed; that they failed to keep a lookout for travelers upon or at the crossing; that they failed to give signals of the approach of the train to the crossing. These are the acts of negligence averred in the petition. The averment that she was killed "at or near" the private crossing should be construed that she was killed at a place on the track other than the crossing, because pleadings are to be construed most strongly against the pleader. A failure to slacken the speed of the train, or to give signals at the approach to private crossings, is not negligence. Louisville & Nashville R. R. Co. v. Survant (19 R., 1576), 44 S. W., 88; Johnson's Adm'r v. Louisville & Nashville R. R. Co., 91 Ky., 651, 10 R., 227, 25 S. W., 754. It is only where the crossing is a public one that reckless speed or the failure to give signals amounts to negligence of the railroad company. Louisville & Nashville R. R. Co. v. Survant, 96 Ky.,

197, 16 R., 545, 27 S. W., 999. In Louisville & Nashville
R. R. Co. v. Bodine (23 R., 147), 59 S. W., 742, 56 L. R. A.,
506, it appeared that the party had been injured at a private
crossing, and in considering the question of negligence,
the court said: "In this case, in view of the dangerous
character of the crossing, its long use, not only by Bodine,
but by the public, the fact that signals were accustomed
to be given by the trains as they approached it, the speed
of this train, and the fact that it was a special, imposed up-
on the appellant the obligation to give such warning of its
approach to this crossing as exigencies of the situation de-
manded for the protection of human life; and, as no warn-
ing at all was given, we think the jury were warranted in
concluding that proper precaution was not exercised by
appellant, and that by reason of this the accident occurred."

The rule there stated does not change the general rule
announced in Johnson's Adm'r v. Louisville & Nashville R.
R. Co., but simply recognizes an exception to it. The facts
averred do not bring the case within the rule of Louisville
& Nashville R. R. Co. v. Bodine. Neither do they bring
it within the rule of the Cahill case, 92 Ky., 345, 13 R., 714,
18 S. W., 2, if for no other reason than there is no aver-
ment that the signals usually given on the approach of
trains to the public crossings referred to could have been
heard at the private crossing, the distance between the
public and private crossings not being given, so the court
could infer that a signal given at the public crossing could
have been heard at the private crossing. The averment
that the public crossings were near the private one is not
sufficient because what in the estimate of the pleader was
near might be too far for the signal to be heard at the
private crossing.

From the averments the court concludes that the intes-

tate had the right to use the private crossing. But, under
the rule that a pleading must be construed most strongly
against the pleader, the averment that she was killed "at
or near" the crossing is equivalent to the averment that
she was not killed on it, but near the crossing; hence she
was a trespasser. This being true, under the well-settled
rule of this court, those in charge of the train owed her
no duty, except to use reasonable care to save her after
discovering her peril. As she was not on a crossing when
killed, it can not be claimed that, as to the intestate, it
was negligence to fail to give signals on the approach to
either the private or public crossing. In Shackleford's
Adm'r v. Louisville & Nashville R. R. Co., 84 Ky., 43, 7
R., 729, the court said: "Railroad trains must give the cus-
tomary signals at public places or public crossings. The
failure to do so is negligence; but this is required for the
safety of passengers, trainmen and the public using, and
who have the right to use, the track at such public ways,
and not for the purpose of protecting those who, as tres-
passers, may be crossing or using the track elsewhere.
The instances are numberless upon every railroad of per-
sons living along it, and having to and being in the habit of
crossing the track to pass from the dwelling to the out-
buildings, or vice versa; and to require the companies in all
such cases to signal the approach of their trains, and to
presume and guard against the presence of persons upon the
track, would not only be unreasonable, but detrimental to
public travel."

If the plaintiff desires to join as defendants persons who
are claimed to be jointly liable for the tort with the rail-
road company, which is a foreign corporation, and thus pre-
vent a removal of the case to the federal court, a cause of
action must be stated against the parties so joined. Our

conclusion is that the amended petition did not state a cause of action against Bracken, Lewis, and Inskip.

The judgment is affirmed.

Judge Nunn dissents from so much of the opinion as recognizes that a foreign corporation is entitled to have its case removed to the federal court, after complying with section 841 of the Kentucky Statutes of 1899.

Whole court sitting.

Petition for rehearing by appellant overruled.

For former opinion, see 24 R., 1125, 70 S. W., 857.