McALISTER v. CHESAPEAKE & O. RY. CO.

(Circuit Court of Appeals, Sixth Circuit. December 11, 1907.)

No. 1,666.

REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—ENJOINING FURTHER PROCEEDING IN STATE COURT.

Where, upon the face of the record, including a petition for removal duly filed a cause appears to be removable, on the filing of such record and the docketing of the case in the federal court that court acquires jurisdiction at least for the purpose of determining that question, and, as ancillary to such jurisdiction, may enjoin the plaintiff from proceeding in the state court until it shall hear and determine the question of its own jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 192.

Legal and equitable remedies and proceedings on removal from state court, see note to Utah-Nevada Co. v. De Lamar, 75 C. C. A. 4.]

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky.

A. D. Cole, for appellant.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is an appeal from a decision enjoining the appellant, the plaintiff in a suit instituted in a state court of Kentucky against the appellee and another defendant, which was removed by the appellee to this court, from further prosecuting it in the state court. The original suit was brought in the circuit court of Greenup county, Ky., for the wrongful death of A. J. McAlister, who was run against and killed by one of the trains of the Chesapeake & Ohio Railway Company. The Maysville & Big Sandy Railroad Company was joined as a defendant, on the ground that it owned the track and leased the same to the Chesapeake & Ohio Railway Company to operate. The accident occurred at a place in the town of Fullerton, Ky., not particularly described. The original petition charged joint negligence against the two railroad companies, the lessee and lessor, and the conductor, engineer and fireman of the train; but, while blanks were left, the latter were never named or sued. The petition avers the deceased was struck at a place where numerous people were accustomed to be and travel, and while in plain view of the employés operating the train, and while it was running at the excessive speed of 50 miles an hour, and without any proper notice or warning of its approach, and without any adequate lookout. An amendment to the petition avers that the deceased, when struck, "was at or near the public crossing" in Fullerton; but, since a pleading must be construed most strongly against the pleader, the inference follows that he was not struck on the crossing, but "near" it, and therefore was a trespasser. Davis' Adm'r v. C. & O. Ry. Co., 75 S. W. 275, 25 Ky. Law Rep. 342, 346. Subsequently, and in due time, a petition for removal

to the court below, with a transcript and sufficient bond, was filed. The petition was based on the ground that there was a controversy in the suit between the plaintiff, a citizen of Kentucky, and the Chesapeake & Ohio Railway Company, a citizen of Virginia, and that the codefendant, the Maysville & Big Sandy Railroad Company, a citizen of Kentucky, was not a necessary party to the cause, that it was wrongfully and fraudulently made a defendant for the sole purpose of preventing a removal of the case to this court and a trial here, with no intention to prove any of the acts of negligence alleged against this codefendant, or to prosecute the alleged cause of action against it, such corporation having no property in Kentucky subject to execution, and the petitioner being solvent. The petition states that the original pleadings stated no cause of action against the codefendant, which leased its entire line of railroad to the Chesapeake & Ohio Railway Company before 1890. After the removal of the cause in this manner, no effort was made by the plaintiff in the state court to remand the case to such court, the removal being treated as without authority and void, and the case was set for trial in the state court, the attorneys for the plaintiff in that court stating that they had no intention to appear in the court below to urge a remand. To prevent a trial in the state court the present suit was instituted, a temporary injunction ordered made, and, after pleadings and a hearing, an injunction as prayed for was granted.

The opinion of the court below discusses whether the suit was removable or not, and in this connection whether any cause of action in favor of the Maysville & Big Sandy Railroad Company was stated in the petition and amended petition in the state court, and also whether the proper steps had been taken in due time to remove the suit to this court. The conclusion reached was that there was no cause of action against the Maysville & Big Sandy Railroad Company stated, and that proper steps had been taken to remove the suit. Wherefore, acting upon the authority of the case of Madisonville Traction Company v. St. Bernard Mining Company, 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462, the plaintiff was enjoined from prosecuting the case further in the state court.

In the case of Traction Co. v. Mining Co., 196 U. S. 239, 240, 25 Sup. Ct. 251, 49 L. Ed. 462, Mr. Justice Harlan, who delivered the opinion of the court, said it is well settled, citing many cases, that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for a removal had been made. But it is to be observed that the state court does this at its peril. If it proceed to try the case and render judgment, and error is prosecuted through the highest court of a state to the Supreme Court of the United States, and the latter hold that the state court took an erroneous view and the case was a removable one, it may adjudge all the proceedings in the state court, after the refusal to remove, null and void, and may order the case to be remanded for removal to the proper court of the United States and for trial there. Steamship Co. v. Tugman, 106 U. S. 118, 123, 1 Sup. Ct. 58, 27 L. Ed. 87; Insurance Co. v. Dunn, 19 Wall. 214, 22 L. Ed.

68; Railroad Co. v. Mississippi, 102 U. S. 135, 26 L. Ed. 96. Or, as Mr. Justice Harlan puts it, in the Traction Company Case, citing many authorities for the proposition, if the case be a removable one, then upon the filing of the petition for removal, in due time, with a sufficient bond, the case is in law removed, and the state court in which it is pending will lose jurisdiction to proceed further, and all subsequent proceedings in that court will be void.

Such being the case and the law, the question presented to the court below, since the state court retained the case and seemed disposed to try it, although the petition for removal and the bond had been filed in due time, was whether that court should be permitted to try the case, and without any attempt having been made to remand it, or to submit to the court below any reasons for remanding it; in other words, without the court below having had any opportunity to hear and determine the question which we think is properly one for it, namely, whether the case had been lawfully removed. The removal act—Act March 3, 1875, c. 137, § 3, 18 Stat. 470 [U. S. Comp. St. 1901, p. 510], as amended in 1887 (Act March 3, 1887, c. 373, 24 Stat. 553) and 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 435 [U. S. Comp. St. 1901, p. 582])—provides that it shall be "the duty of the state court," after the petition and bond have been duly filed, as was done in this case, "to accept said petition and bond and proceed no further in said suit." And later the same section provides that the Circuit Court of the United States shall then proceed in the cause "in the same manner as if it had been originally commenced in said Circuit Court."

The proper method of preventing these results of a removal, is by exercise of the power given by the fifth section of the same act, wherein it is provided that if, in any suit removed from a state court, "it shall appear to the satisfaction of said Circuit Court that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court," the Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed. Obviously this provision leaves the determination of the question whether the suit had been properly removed to the Circuit Court upon a motion to remand.

If the case is remanded, the action of the Circuit Court is final; but, if the court shall refuse to remand, its action may be reviewed by the higher courts of the United States. Ultimately it will be observed the action respecting removal, whether made by the state or the federal court, unless the case is remanded by the latter, can be reviewed by the Supreme Court of the United States. Therefore it would seem, in view of the provision respecting a remand by the Circuit Court, that if there be a difference of opinion between the state and the federal court, and each is disposed to maintain its jurisdiction and try the case, although removed from the former to the latter, that an injunction may be properly used to settle, at least for the time being, the question of jurisdiction and determine which court has the right to try the case, instead of allowing both to put themselves to the needless trouble of separately trying it. In the case we have cited several times, the Traction Company Case, Mr. Justice Harlan cites a number of cases as authority for the use of an injunction to restrain a party

from taking further steps in a state court after a case has been removed to a court of the United States. In addition, an injunction was granted by Judge Jackson in B. & O. R. R. Co. v. Ford (C. C.) 35 Fed. 170, and by Judge McCormick in Abeel v. Culberson (C. C.) 56 Fed. 329, although refused by Judge Love in Wagner v. Drake, etc. (D. C.) 31 Fed. 849, and by Judge Putnam in Sinclair v. Pierce (C. C.) 50 Fed. 851. The decision in each case seems to turn upon the court's estimate of the convenience of the remedy by injunction which was sought.

A case for removal was stated on the face of the petition for removal. The question as to whether the Maysville & Big Sandy Railroad Company had been joined as a defendant "for the sole and simple purpose of preventing a removal, and with no intention whatever on the part of plaintiff to prove any of the acts of negligence alleged in the petition against said codefendant, or to prosecute the alleged cause of action against said codefendant" was an averment of fraudulent misjoinder which prima facie entitled the Chesapeake & Ohio Railway Company to remove the cause as a separable controversy. In Wecker v. National Enameling, etc., Co., 204 U. S. 176, 186, 27 Sup. Ct. 184, 188, 51 L. Ed. 430, Mr. Justice Day, for the court, said:

"While the plaintiff, in good faith, may proceed in the state courts upon a cause of action, which he alleged to be joint, it is equally true that the federal courts should not sanction devices intended to prevent a removal to a federal court where one has that right, and should be equally vigilant to protect the right to proceed in the federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."

If no issue was made upon the averments of fraudulent joinder, a motion to remand could not be sustained. Dishon v. C., N. O. & T. P. Ry. Co., 133 Fed. 471, 66 C. C. A. 345; Kentucky v. Powers, 201 U. S. 1, 33, 34, 26 Sup. Ct. 387, 50 L. Ed. 633. It does not appear that any motion to remand because the removal came too late, or because the averments of the petition for removal in connection with the record were in law insufficient, was ever made or the averments in any way traversed. Obviously the question of whether the case was or was not removable was one to be heard by the Circuit Court. For the purpose of retaining and exercising the right of determining for itself whether it had or had not acquired jurisdiction by the removal, the court below might, under an ancillary bill, such as this, enjoin the plaintiff from proceeding in the state court until such time as the Circuit Court should hear and determine the question of its own jurisdiction. In short, by the filing of the removal petition and transcript, and having the same docketed, the Circuit Court acquired jurisdiction at least for the purpose of hearing and determining whether the cause had or had not been legally removed. It had, therefore, authority to preserve existing conditions pending its determination of the larger question. U. S. v. Shipp, 203 U. S. 563, 573, 27 Sup. Ct. 165, 51 L. Ed. 319.

Without going into the question of the merits of the question of removal, we affirm the decree below as a proper exercise of the ancillary jurisdiction of the court below as preserving to the Circuit Court the right to decide whether the principal case had been legally re-

moved. Traction Co. v. Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462.

Judgment affirmed.

NOTE.—The following is the opinion of Cochran, District Judge, in the court below:

COCHRAN, District Judge. The defendant administratrix brought a suit in the circuit court of Greenup county in this state against the plaintiff, a Virginia corporation, and the Maysville & Big Sandy Railroad Company, a Kentucky corporation, to recover $25,000 damages for the alleged wrongful death of her intestate, caused by his being run against by one of the trains operated by plaintiff over the railroad of its codefendant therein in said Greenup county, whilst on said railroad at or near a public crossing in the town of Fullerton. The sole ground upon which it was claimed that plaintiff's said codefendant was liable for said death was that it had theretofore leased said railroad to plaintiff and plaintiff was then operating trains over the same under said lease. Thereafter plaintiff filed a petition for removal of said cause to this court, and subsequently a transcript of the proceedings in the state court was duly filed herein.

Subsequently the defendant administratrix through the other defendants, her attorneys, took steps to force a trial of the case in the state court, and thereupon this suit was brought herein by plaintiff to enjoin any further proceedings in said cause in the state court. A motion has been made by plaintiff for an injunction pursuant to the prayer of the bill, pending which a temporary restraining order was granted, and a demurrer has been filed by the defendants to the bill. The motion and demurrer have been submitted for disposition, and each depends upon the same questions.

The defendants contend that plaintiff is not entitled to the relief it seeks, for the reason that said cause was not removable from the state court to this court, and hence is not pending here. One ground for this contention is that the Kentucky corporation, under the allegations of the petition, was liable for the death of said decedent, and that jointly with plaintiff. It would not follow that there was such joint liability from mere fact of liability. Each might be liable and yet not jointly liable. I do not find it necessary to dispose of this question as to joint liability, because I do not believe that there is any liability whatever on the part of the Kentucky corporation to the defendant administratrix. There is no question but that said corporation had power to make such lease. This has been expressly held by the Court of Appeals of Kentucky in the case of McCabe's Adm'x v. M. & B. S. R. R. Co., 112 Ky. 861, 66 S. W. 1054. It is equally true that under the allegations of the petition as amended the defendant administratrix's intestate was a trespasser upon the railroad at the time he was run into. The statement of the amended petition is that at that time he was "at or near a public crossing." The Court of Appeals of Kentucky has held in the case of Davis' Adm'r v. Chesapeake & Ohio R. R. Co., 116 Ky. 144, 75 S. W. 275, that such an allegation is a concession that the party injured was a trespasser. The question, therefore, which the case presents is whether, where a lease of a railroad has been lawfully made, the lessor thereof is liable for an injury to a trespasser thereon caused solely by the negligence of the lessee. I do not think that it is, and I do not think that the Court of Appeals of Kentucky has held otherwise. In the case of McCabe v. M. & B. S. R. R. Co., supra, the person injured was a highway traveler. And in the case of Swice's Adm'x v. M. & B. S. R. R. Co., 116 Ky. 253, 75 S. W. 278, said court recognized that it is not in all cases of injury to persons by the negligence of the lessee under a lawful lease that the lessor is liable.

Counsel for defendants contends that by a second amended petition in the state court it was alleged that the decedent was "at a public crossing" when run into. No such amended petition constitutes a part of the record in this case or of the transcript filed in this court on the removal, which is certified to be complete. Counsel for plaintiff admits that such an amended petition was filed in the state court in July, 1903, about a year after the filing of the

petition of removal herein. Of course, the allegations in such an amended petition can have no bearing on any question herein.

Again, counsel for defendants contends that the petition alleges that the train which ran into the decedent was jointly operated by the two corporation defendants. I do not so read the petition. It alleges that said train was jointly operated by the plaintiff and the conductor, engineer, and fireman of the train. It evidently was the purpose to make those employés defendants, but their names not having been ascertained, or for some other reason, the blanks left for their names in the caption and the body of the petition were never filled in.

Another ground upon which it is claimed that the action was not trans-ferred from the state court to this by the removal proceedings had is that the petition and bond for removal were not filed in time. It was filed on the 1st day of the July term, 1902, of the Greenup circuit court, which was in time unless the practice act passed March 29, 1902 (Acts Ky. 1902, p. 272, c. 122), applied to that case. That act became a law June 16, 1902, and hence had no application to said case.

A ground of demurrer set forth is that the Kentucky corporation, the Maysville & Big Sandy Railroad Company was a necessary party plaintiff herein. Though the whole case was transferred by the removal proceedings the plaintiff alone had the right to have it removed, and hence I do not think that said corporation was a necessary party plaintiff. The demurrer to the bill is therefore overruled. The cause having been properly transferred to this court, it follows that this court has jurisdiction to enjoin further proceedings in the state court. In the recent case of Madisonville Traction Co. v. St. Bernard Mining Co. (decided January 16, 1905) 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462, Mr. Justice Harlan said: "After the presentation of a sufficient petition and bond to the state court in a removal case, it is competent for the circuit court by a proceeding ancillary in its nature—without violating section 720 of the Revised Statutes [U. S. Comp. St. 1901, p. 581] forbidding a court of the United States from enjoining proceedings in a state court—to restrain the party against whom the cause has been legally removed from taking further steps in the state court."

The motion for an injunction is therefore sustained. I do not think, however, that it should be against the attorneys for the defendant administratrix who are made parties to the suit. They will be bound by an injunction granted against her alone. The plaintiff should execute bond with good surety to defendant administratrix to pay her such damage as she has sustained by reason of the injunction in case it is hereafter determined that it was wrongfully issued, the bond to be approved by the clerk before the injunction issues.