## HAYES v. SMITH et al.

(District Court, E. D. Michigan, S. D. May 13, 1925.)

No. 7562.

Removal of causes ⚙═95—On federal officer's petition for transfer to federal court of action against him, suit becomes pending in District Court without specific order for removal.

Under Judicial Code, § 33 (Comp. St. § 1015), and National Prohibition Act, tit. 2, § 28 (Comp. St. Ann. Supp. 1923, § 10138½o), when prohibition officer petitions for removal to federal court of action against him on account of acts done in performance of his duty as such officer, cause is "thereupon" automatically pending in District Court without entry of specific order to that effect, and under Judicial Code, § 37 (Comp. St. § 1019), propriety of such removal cannot be determined until motion is made to remand.

At Law. Action by Edward J. Hayes against Delos G. Smith and others. On petition by defendants for removal of cause from state court to federal District Court. Cause held pending in District Court without specific order therefor.

Louis W. McClear, of Detroit, Mich., for plaintiff.

Delos G. Smith, U. S. Atty., of Detroit, Mich., for defendants.

TUTTLE, District Judge. A petition has been filed herein in the name of the United States, on the relation of the above-named defendants, praying for a removal of the above-entitled cause from a state court to this court under section 33 of the Judicial Code, as amended (section 1015, West's United States Compiled Statutes), on the ground that said defendants have been sued in said state court on account of acts done by them in the performance of their duties as federal officers within the meaning of said section.

The petition states in substance that for the past year the defendants have occupied

the following offices, respectively, defendant Smith, United States attorney for this district and an officer of this court, defendant Newton, United States marshal for this district and an officer of this court, defendant Beamer, deputy United States marshal and an officer of this court, defendant Yellowley, chief general prohibition agent of the United States, acting under the Secretary of the Treasury and the Commisisoner of Internal Revenue, and defendant Stone, divisional chief of the Tenth division of prohibition agents, acting under the Secretary of the Treasury and the Commissioner of Internal Revenue; that said cause was instituted by the above-named plaintiff on April 30, 1925, in the circuit court for the county of Wayne, Mich., claiming damages in the sum of $100,000 against said defendants for the alleged false arrest and detention of said plaintiff while he was resorting at a certain specifically described saloon and restaurant in the city of Detroit in said county and state, and within the jurisdiction of this court, commonly known as "Paul's Place," maintained and conducted by one Paul Mirabile in violation of the federal prohibition law; that said saloon and restaurant had been maintained and conducted as a place for the sale of intoxicating liquor for three years and its character and reputation were well-known to all patrons who visited the same, and that nightly during every night in the year large numbers of patrons visited said saloon, which customarily during said period remained open all night and engaged in the business of selling intoxicating liquor and supplying music for dancing, and the furnishing of food was a subterfuge and constituted no real and substantial part of the business of said saloon and dance hall; that said saloon and dance hall for the past two years during every night constituted a common nuisance under the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and was known to all of its patrons, including the said plaintiff, to be such common nuisance; that at numerous times during the past year said place was entered and raided by police officers of said city of Detroit for violation of the Michigan laws prohibiting the sale of intoxicating liquors; that on each of said raids patrons in large numbers, from 50 to 100 and upwards, were openly consuming intoxicating liquor which they had purchased in said place, and in spite of said raids said nuisance continued to be maintained down to the date set forth in plaintiff's declaration, April 21, 1925; that on said date a federal search

warrant was duly issued by a United States commissioner directing certain federal officers to search said place for intoxicating liquor unlawfully possessed by the proprietor; that defendant Beamer, in discharge of his duties under the federal laws, accompanied said officers and in their company entered said premises at about midnight and there saw 50 and upwards of patrons and employees, among whom was said plaintiff; that said plaintiff, in company with two ladies whom he had brought to said saloon, were seated at a table therein, and said parties had before them glasses containing beer, and that before each of said parties was a glass of partly consumed beer containing more than one-half of 1 per cent. of alcohol, and that said parties were under the influence of intoxicating liquor; that other parties, including said plaintiff, were there for the purpose of purchasing intoxicating liquor and had then and there purchased such intoxicating liquor and had consumed the same, and that plaintiff thereby violated the National Prohibition Law and was also guilty of assisting to maintain a common nuisance; that thereupon said defendant Beamer arrested said plaintiff and his two companions and brought them to the office of the United States attorney, said defendant Smith, for disposition of the case; that said Smith then interrogated said plaintiff and other patrons, as he desired to have full and complete evidence of the violation of law by said proprietor in order that an indictment might be successfully prosecuted and said place be declared a common nuisance, and he then released said patrons, including said plaintiff and his companions, taking their names and addresses and advising them that they might be called as witnesses against the proprietor of said place, and thereupon directed said officers to set the said plaintiff and other patrons at liberty; that said plaintiff was subject to arrest and was lawfully taken into custody for the violation of the National Prohibition Law and for assisting in maintaining a nuisance, and that all of the acts of said defendants Beamer and Smith were in the exercise of good faith in the discharge of their duties, and aimed at the abatement and prosecution of a nuisance which had long been maintained and resorted to by plaintiff and other patrons on numerous occasions for the unlawful purchase of intoxicating liquor, and that they thereby became parties to violation of the federal laws; that said cause was instituted by said plaintiff for the recovery of damages for the acts and doings of said defendants in the premises aforesaid; and that

on the application of said plaintiff in said circuit court a writ of capias was issued for said defendants Beamer and Smith, each of whom has, in compliance with said writ, furnished bail in said circuit court in the sum of $1,000, the bonds for which are now in the possession of the sheriff of said county, and said defendants are informed and believe that they will be required to furnish another bond in accordance with the laws of said state and the rules of said circuit court. The prayer of the petition is that said cause be removed from said circuit court to this court, and that writs of certiorari and habeas corpus cum causa be issued and served as provided by the federal statutes, to the end that said cause, proceedings, and records and jurisdiction over said defendants may be transferred to the jurisdiction of this court for trial and disposition. The petition is verified and accompanied by the certificate of counsel required by the statute hereinafter referred to.

Section 33 of the Judicial Code, as above cited, provides in full as follows:

"When any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, or is commenced against any person holding property or estate by title derived from any such officer and affects the validity of any such revenue law, or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, or when any civil suit or criminal prosecution is commenced against any person for or on account of anything done by him while an officer of either House of Congress in the discharge of his official duty in executing any order of such House, the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the District Court next to be holden in the district where the same is pending upon the petition of such defendant to said District Court and in the following manner: Said petition shall set forth the nature of the suit or prosecution and be verified by affidavit and, together with a certificate signed by an attorney or counselor at law of some court of record of the state where such suit or prosecution is commenced or of the United States stating that, as counsel for the petitioner, he has examined the proceedings against him and carefully inquired into all the matters set forth in the petition, and that he believes them to be true, shall be presented to the said district court, if in session, or if it be not, to the clerk thereof at his office and shall be filed in said office. The cause shall thereupon be entered on the docket of the District Court and shall proceed as a cause originally commenced in that court; but all bail and other security given upon such suit or prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the state court. When the suit is commenced in the state court by a summons, subpœna, petition, or any other process except capias, the clerk of the District Court shall issue a writ of certiorari to the state court requiring it to send to the District Court the record and the proceedings in the cause. When it is commenced by capias or by any other similar form of proceeding by which a personal arrest is ordered, he shall issue a writ of habeas corpus cum causa, a duplicate of which shall be delivered to the clerk of the state court or left at his office by the marshal of the district or his deputy or by some other person duly authorized thereto; and thereupon it shall be the duty of the state court to stay all further proceedings in the cause, and the suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be held to be removed to the district court, and any further proceedings, trial, or judgment therein in the state court shall be void. If the defendant in the suit or prosecution be in actual custody on mesne process therein, it shall be the duty of the marshal, by virtue of the writ of habeas corpus cum causa, to take the body of the defendant into his custody, to be dealt with in the cause according to law and the order of the district court, or, in vacation, of any judge thereof; and if, upon the removal of such suit or prosecution, it is made to appear to the district court that no copy of the record and proceedings therein in the state court can be obtained, the District Court may allow and require the plaintiff to proceed de novo and to file a declaration of his cause of action, and the parties may thereupon proceed as in actions originally brought in said District Court. On failure of the plaintiff so to proceed, judgment of non prosequitur may be rendered against him, with costs for the defendant."

Section 28 of title 2 of the National Pro-

hibition Act (Comp. St. Ann. Supp. 1923, § 10138½o) provides that "the commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

It will be noted that the above-quoted statute does not in terms require nor provide for the entry of any order of removal by the District Court in the cases to which such statute is applicable. It was apparently the intention of Congress to make it the duty of the clerk of the District Court, upon the filing of the petition there referred to, to "thereupon" enter the cause on the docket of the District Court, which cause should thereafter "proceed as a cause originally commenced in that court." The clerk has already performed this duty, as appears from the files and records of this cause and from the title thereof as endorsed upon the petition filed. It seems clear that this cause is, by operation of this statute, now automatically and without the entry of any specific order to that effect, pending in this court, under the provisions of this statute. The petition itself (all of the allegations of which have been above stated substantially in the exact language of the petition) does not pray for an order of the court, but merely for a removal of the cause. There appears, therefore, to be no necessity for the court to make any order at the present stage in the proceedings under the statute.

Section 37 of the Judicial Code (section 1019, West's United States Compiled Statutes), provides as follows:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and

shall make such order as to costs as shall be just."

It was evidently the intent and design of Congress to provide, by section 33, a summary proceeding for the protection of federal officers by the automatic removal to the federal court of suits brought against them in the state courts, without the delay which might be incident to a regular judicial hearing and decision on the right of removal, and then to provide, by section 37, an opportunity for such a hearing and decision in the manner specified in said section. State v. Sullivan (C. C.) 50 F. 593; Mutual Life Insurance Co. v. Langley (C. C.) 145 F. 415; Atlantic Coast Line Railroad Co. v. Bailey (C. C.) 151 F. 891; McAlister v. Chesapeake & Ohio Railway Co., 157 F. 740, 85 C. C. A. 316, 13 Ann. Cas. 1068 (C. C. A. 6).

Applying these statutory provisions to the present case, I reach the conclusion that this is not the proper time or stage of the proceedings for a consideration or disposition of the questions involving the right of the defendants to have this cause tried in this court. Any such questions, therefore, are reserved for consideration if and when a motion to remand is made under the statute.

The clerk of this court will perform his duty under the applicable statutes.